[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this summary process case obtained a judgment by default and an execution; shortly before the execution was to be enforced, this court signed a temporary order staying the execution, pending a hearing on a writ of audita querella. At the hearing, the following facts were developed.
The parties had entered into a stipulation in court on May 19, 1997. Pursuant to the stipulation, the defendant agreed that there would be an arrearage, including costs, of $1126.10 as of the end of May. The defendant's share of the use and occupancy payments was to be $66 per month; during the course of the stay CT Page 6511 of execution (until December 31, 1997), the defendant was to pay $66 per month. Additionally, the defendant was to pay back the arrearage by paying $400 on or before May 23, 1997; $400 on or before June 6, 1997; and $326.10 on or before June 20, 1997, in addition to a payment of $66 which was also due that date. The defendant was not represented by counsel at the time of the stipulated judgment, but indicated in the course of the usual inquiry by the court that she understood the terms of the agreement and that the agreement was entered into knowingly and voluntarily on her part.
As it turns out, the defendant did not have the wherewithal to satisfy the terms of the agreement. At the time, she was receiving $543 per month in public assistance. She made the first $400 payment by borrowing from a friend; she then had to use much of her next check to pay back the friend and did not have the money for the $400 payment which was due June 6. The plaintiff accordingly filed an affidavit of noncompliance and secured the aforementioned execution.
At the hearing, the defendant presented a plan which would make the landlord whole, albeit roughly a month late. A representative of a church was present and indicated that the church would pay $336 virtually immediately. Counsel indicated that the DSS Eviction Prevention Program would pay the remainder of the arrearage by July 15, and that until the end of the period covered by the stipulated judgment, payments for use and occupancy could be made directly to the landlord. The plaintiff has incurred an additional sheriff's fee of $75, which the defendant is willing to add to the July use and occupancy payment. The rent subsidy runs with the premises rather than with the defendant, so that she would lose the subsidy if she were evicted. The defendant testified that she very recently obtained employment.
The defendant urges that the court exercise its equitable post-judgment powers to modify the terms of the stipulated judgment in order, essentially, to give the defendant one last chance. The plaintiff argues that there has been no change of circumstance since the defendant entered into the agreement, so that not all the equities favor the defendant, and that the court ought to encourage the use of agreements by strictly enforcing the agreement in this case.
There is some merit to the positions taken by both sides. CT Page 6512 There are several factors to be considered in determining post-judgment equitable relief. As mentioned in Fellows v.Martin 217 Conn. 57, 66 (1991), factors include whether one party would, in the absence of relief, suffer a loss wholly disproportionate to the injury to the other party and whether injury to the other side is reparable. Equity also ought not come to the aide of a party whose breach has been willfull or grossly negligent, but even this maxim is apparently not without exception. Fellows v.Martin, supra, 67; see also East Hartford Housing Authority v.Parker, H-976 (Housing Session 1992) (Holzberg, J.).
Applying the factors in this case, I find that the injury sustained by the defendant were her request for relief to be denied is manifestly greater than the injury to the plaintiff if the stipulation is modified as requested by the plaintiff, especially in light of her losing the subsidy. Except for undeniable annoyance and some transactional cost, the landlord will presumably be made whole. Although the defendant's breach was not altogether unforeseeable, to put it mildly, it also was not willful, and she now seems to have a plan which is viable. Perhaps most significantly, she now reportedly has employment, and thus will not have to rely on borrowing in the future.
For the reasons stated above, the writ is granted and the relief is that the stipulated judgment is modified as follows. Payment of $336 is to be made no later than July 2, 1997. Payment of $400 is to be made no later than July 15, 1997. Defendant is to add $75 to her July use and occupancy payment. The June use and occupancy payment, if not already made, is to be made by no later than July 2, 1997. Otherwise, the terms of the May 19, 1997, stipulation remain in effect.
Beach, J.